**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHONDEL LARKIN, | ) Case No.: 1:16-cv-01590-SAB (PC) |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S REQUEST TO SUBMIT EXHIBITS, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL AND MOTION TO STAY THE PROCEEDINGS |
| v. | ) |
| SHEBA SHIVER, et al., | ) [ECF Nos. 9, 10, 11] |
| Defendants. | ) |

Plaintiff Shondel Larkin is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on October 28, 2016.  Local Rule 302.

Currently before the Court are Plaintiff's motion to submit exhibits, filed October 24, 2016, and Plaintiff's motion for appointment of counsel and motion to stay the proceedings, filed November 16, 2016.

**I.**

**DISCUSSION**

**A.      Motion to Submit Exhibits in Support of Complaint**

Plaintiff requests to submit exhibits in support of his complaint.

In determining whether a complaint states a cognizable claim for relief, the Court may consider materials attached as exhibits to the complaint and incorporated therein.  Lee v. City of Los Angeles,

1

250 F.3d 668, 688 (9th Cir. 2001); <u>City of Fresno v. U.S.</u>, 709 F. Supp. 2d 888, 912 n.21 (E.D. Cal. 2010).  While it is not necessary for Plaintiff to submit exhibits in support of the allegations set forth in his complaint, the Court will grant Plaintiff's request in this instance as Plaintiff has appropriately referenced and incorporated the exhibits in his complaint.

### B.    Motion for Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  <u>Id.</u>  (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  Plaintiff has thoroughly set forth his allegations in the complaint.  However, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  <u>Id.</u>  Accordingly, Plaintiff's motion will be denied, without prejudice.

### C.    Motion to Stay the Proceedings

Plaintiff requests that the Court stay the proceedings because he has been admitted to the Department of Mental Health to undergo mental health therapy.  Plaintiff's motion shall be denied, without prejudice.  Plaintiff is advised that the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.

28 U.S.C. § 1915A(a). The Court screens complaints in the order in which they are filed and strives to avoid delays whenever possible. However, there are numerous prisoner civil rights cases presently pending before the Court, and delays are inevitable despite the Court's best efforts. Due to the heavy caseload, Plaintiff's complaint is still awaiting screening. Thus, at the present time, there are no pending deadlines and no action by Plaintiff is necessary until the Court screens the complaint. Accordingly, the Court will deny Plaintiff's motion to stay the proceedings, without prejudice.

**II.**

**CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's motion to submit exhibits is GRANTED;

2.      Plaintiff's motion for appointment of counsel is DENIED, without prejudice; and

3.      Plaintiff's motion to stay the proceedings is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **November 18, 2016**

UNITED STATES MAGISTRATE JUDGE

3